IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br> v.<br><br>ARMANDO PADILLA-DIAZ,<br><br>    Defendant. | CR 08-126-02-MO<br>CV 10-70026-MO<br><br>OPINION AND ORDER |

MOSMAN, District Judge:

## INTRODUCTION

 Armando Padilla-Diaz filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. For the reasons below, I DENY the motion (#269) and I also DENY a Certificate of Appealability under 28 U.S.C. § 2253.

## BACKGROUND

 On January 7, 2010, Mr. Padilla-Diaz pled guilty to Count 1 of a multiple count indictment, which charged him with participation in a conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. Mr. Padilla-Diaz faced a mandatory minimum sentence of ten years imprisonment, and a maximum of up to life imprisonment, a fine of $4,000,000, at least five years of supervised release, and a

1 - OPINION AND ORDER

$100 fee assessment. The Court sentenced Mr. Padilla-Diaz to 151 months imprisonment, to be followed by five years of supervised release.

Mr. Padilla-Diaz entered his plea pursuant to a plea agreement with the government. Among several other relevant provisions, Mr. Padilla-Diaz waived his right to appeal and to "file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." (Plea Agreement (#228) 5.) Mr. Padilla-Diaz did not appeal, and now brings this Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

## DISCUSSION

Mr. Padilla-Diaz's motion may be read to pose three issues for review: (1) whether the Court erred in imposing a leadership role adjustment under the sentencing guidelines; (2) whether defendant's sentence was enhanced due to allegations not alleged in the indictment or pled to; (3) whether defendant's attorney was ineffective for failing to file motions to suppress evidence and failing to argue for "safety valve" relief.

Because I find that Mr. Padilla-Diaz explicitly, knowingly, and voluntarily waived his right to file this motion, except as to claims of ineffective assistance of counsel, I find he waived his right to attack his conviction based on the Court's imposition of a leadership role and any other sentencing enhancements. I therefore do not address those arguments here and turn instead to Mr. Padilla-Diaz's arguments regarding ineffective assistance of counsel.

Mr. Padilla-Diaz's claim of ineffective assistance of counsel is without merit. To succeed on this claim, he must show that counsel's performance was deficient and that the deficient performance resulted in prejudice—i.e., a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  It is plain here that Mr. Padilla-Diaz satisfies neither prong of the *Strickland* test.

The case against Mr. Padilla-Diaz was exceptionally strong, and he knowingly agreed not to file suppression motions in exchange for concessions from the government.  Mr. Padilla-Diaz points to no evidence that his counsel's advice regarding this trade-off was deficient in any way.  Thus, he fails the "deficiency" prong of *Strickland*.  Moreover, because the case against Mr. Padilla-Diaz was so strong, and he has not shown how any alleged error on the part of his counsel would have altered the outcome in this case, he also fails the "prejudice" prong of *Strickland.*

Because Mr. Padilla-Diaz has not made a "substantial showing of the denial of a constitutional right," I deny any request for a certificate of appealability.  28 U.S.C. § 2253(c)(2).

## ORDER

Mr. Padilla-Diaz's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 is DENIED.  A certificate of appealability is also DENIED.  Any pending motions are dismissed as moot.

IT IS SO ORDERED.

DATED this   18th   day of January, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

3 - OPINION AND ORDER