IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA

                                   3:08-cr-126-02-MO

                                   OPINION AND ORDER

        v.

ARMANDO PADILLA-DIAZ,

            Defendant.

MOSMAN, J.,

On January 28, 2015, Defendant filed a Motion to Reduce Sentence [294].  At oral argument on August 31, 2015, Defendant argued he was entitled to a sentence reduction under Amendment 782 despite the plain text of the Sentencing Commission's policy statement which made the amendment inapplicable to him.  Defendant argues such a prohibition is unconstitutional as it fails to pass rational review and disrupts his settled expectation of a future benefit. I find both of Defendant's arguments to be inapplicable and DENY the Motion to Reduce Sentence [294].

## LEGAL STANDARDS

Sentence reductions are only allowed when "such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 826 (2010).   Here, the relevant policy statement instructs that "the courts shall not reduce the defendant's term of imprisonment…to a term that is less than

the minimum of the amended guideline range determined under subdivision (1) of this

subsection." U.S.S.G. § 1B1.10 (B)(2)(A).

## DISCUSSION

II.    **Rational Basis**

Defendant argues that "enhanced" rational basis review should apply to the policy

statement.   The main case that Defendant cites for "enhanced" rational basis addresses only

retroactive economic legislation and has not been widely applied beyond that context. *United

States v. Carlton*, 512 U.S. 26, 30 (1994).  Furthermore, the Ninth Circuit recently evaluated the

policy statement at issue under normal rational review despite its arguably retroactive

connotations. *United States v. Navarro*, No. 15-10245, 2015 WL 5166942, at *3-4 (9th Cir.

Sept. 4, 2015) (examining sentencing commission decision relating to the same amendment at

question in our case). Therefore, I decline to use the "enhanced" rational basis review.

Under the regular rational basis standard, we accept "generalizations even when there is

an imperfect fit between means and ends. A classification does not fail rational-basis review

because it is not made with mathematical nicety or because in practice it results in some

inequality.'" *United States v. Navarro*, No. 15-10245, 2015 WL 5166942, at *18 (9th Cir. Sept.

4, 2015)(citations omitted). A legislative choice may be based on rational speculation

unsupported by evidence or empirical data. *See Vance v. Bradley*, 440 U.S. 93, 99 S. Ct. 939,

949 (1979). In fact, a "legislative body need not explicitly state its reasons for passing legislation

so long as a court can divine some rational purpose." *United States v. Harding*, 971 F.2d 410,

412-13 (9th Cir. 1992) (citation omitted).  Here, the Sentencing Commission necessarily drew

lines when it decided to whom the amendment should apply.  The government has supplied a

sufficiently rational explanation for the line at issue here: The commission wanted to reward

those they had deemed most helpful and no one else. As such, the Sentencing Commission's decision was rational.

I.      **Settled Expectation**

Defendant offers *St. Cyr* to suggest that finding Amendment 782 to be inapplicable is equivalent to retroactively depriving him of a "settled expectation" of a potential benefit. *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001). Any such deprivation, Defendant argues, violates the Due Process Clause. Here, that argument is unavailing because Defendant did not have a settled expectation. In *St. Cyr*, at the time he pled guilty, the defendant had the statutory right to apply for an immigration waiver. While he may or may not have received it, his right to apply for it was settled. *Id*. at 293. Thus for St. Cyr, there existed only minimal uncertainty. Here, however, the Defendant's expectation rests on 1) a future amendment being proposed 2) and passed 3) for which he was eligible 4) that he may have applied for and 5) through which he may have received relief. As such, it is far less settled than that of *St. Cyr*. And given the history of retroactivity under prior amendments, nothing about Defendant's future prospects for retroactivity was clear.

Furthermore, Defendant has not offered any evidence to show that his "settled" expectation was more than tenuous. The language in Defendant's plea agreement refers only to 18 U.S.C. §3582(c), not to any contemplated amendments or future benefits. The language does not suggest that Defendant had *this* particular amendment's benefits in mind, unlike the petitioner in *St. Cyr*. Indeed, since Amendment 782 was not passed until several years after Defendant's plea agreement, it would be impossible for him to have any expectation of this benefit. In short, while St. Cyr's expectation was settled, Defendant's expectation was not and thus his analogy to *St. Cyr* is unpersuasive.

## CONCLUSION

Because the text of the policy statement is clear and Defendant has not established a

constitutional issue, Defendant's Motion to Reduce Sentence [284] is DENIED.

IT IS SO ORDERED.

DATED this   18th   day of September, 2015.

/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER